IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN 2 3 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

DAVID JACK BAROUCH, # 41301-177
FCI SEAGOVILLE
　　　　Plaintiff,
P.O. BOX 9000
SEAGOVILLE, TX 75159-9000

vs.

Civil Case No._____

(1) DEPARTMENT OF JUSTICE;

(2) DEPARTMENT OF JUSTICE,
U.S. MARSHALS SERVICE;

(3) DEPARTMENT OF JUSTICE,
CRIMINAL DIVISION;

(4) DEPARTMENT OF JUSTICE,
EXECUTIVE OFFICE
FOR U.S. ATTORNEYS;

(5) DEPARTMENT OF JUSTICE,
BUREAU OF PRISONS;

(6) DEPARTMENT OF THE TREASURY;

(7) DEPARTMENT OF THE TREASURY,
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, EXPLOSIVES;

(8) PARKER COUNTY
SHERIFF'S DEPARTMENT,
AGENT FOR: ATF;
U.S. MARSHALS OFFICE; AND
DETENTION CENTER (JAIL);

　　　　Defendants.

Case: 1:12-cv-00129
Assigned To : Jackson, Amy Berman
Assign. Date : 1/23/2012
Description: FOIA/Privacy Act

Plaintiff,
Pro Se,
David Jack Barouch
Reg. No. 41301-177
F.C.I. Seagoville
P.O. Box 9000
Seagoville, Tx., 75159-9000

## PLAINTIFF'S FIRST COMPLAINT

COMES NOW David Jack Barouch, Plaintiff Pro se, and
states the following as his causes of action:

**RECEIVED**

JAN 2 3 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia



## JURISDICTIONAL STATEMENT

This cause of action arises under the provision of the Freedom of Information and Privacy Act 5 U.S.C. § 552(a); further, this Court has jurisdiction and venue in this matter by virtue of the provisions of 5 U.S.C. § 552(a)(4)(6).

## COUNT I

1).  Plaintiff was sentenced upon Criminal Case No. 4:10-CR-99-1 in the United States District Court, Northern District of Texas, Fort Worth Division, and presently resides in Seagoville Texas at the Seagoville Federal Correctional Institution.

2).  The Department of Justice is a Department of the United States Government Executive Branch.  The Department of Justice - "U.S. Marshal's Service", and Department of Justice - "Criminal Division", and Department of Justice - "Executive Office for United States Attorneys", and Department of Justice - "Bureau of Prisons" are agencies of and within the Department of Justice.

3).  That the "Fort Worth Jail Unit" is a facility within the Federal Correctional Institution at Fort Worth Texas maintained by the Bureau of Prisons, an agency within Department of Justice.

4).  The Department of Justice and the above stated agencies within the Department have all denied Plaintiff access to

-2-

requested FOIA documents and records and have acted in bad faith to secret FOIA documents to which Plaintiff has a right.

5). The Department of Treasury is a Department of the United States Government, Executive Branch. The Department of the Treasury - "Bureau of Alcohol, Tobacco, Firearms and Explosives" (ATF) is an agency within the Department of Treasury. Both have denied Plaintiff access to requested FOIA documents and records to which Plaintiff has a right.

6). That the Department of the Treasury is a proper party to this litigation as the "Bureau of Alcohol, Tobacco, Firearms and Explosives" has acknowledged that it has documents, records and tape recordings relevant to David Jack Barouch but refuse to release them despite FOIA requests.

7). That the Parker County Sheriff's Department administers and oversees the Parker County Detention Center (Jail) and the Parker County Sheriff has entered into an agreement with the United States Marshals office to house federal prisoners; further, in this capacity, Plaintiff was housed in the Parker County Detention Center (Jail) following his arrest by federal authorities at the request of the Department of the Treasury - Bureau of Alcohol, Tobacco, Firearms and Explosives.

8). That in this regard the Parker County Sheriff's Department acted and continues to act as an agent of ATF and the Department of Treasury and also the Department of Justice and Department of Justice - "United States Marshals Service" by virtue of the contract with the Marshals Service and its maintenance and retention of audio tapes and recorded

-3-

telephone conversations of Plaintiff while Barouch was housed
at the Parker County Detention Center (Jail) at the behest of
federal authorities.

9).   The Department of Justice - "United States Marshals
Service" and Department of Justice - "Criminal Division" and
Department of Justice - "Executive Office for United States
Attorneys" and Department of Justice - "Bureau of Prisons" and
Department of Treasury - "Bureau of Alcohol, Tobacco, Firearms
and Explosives" are all agencies within the meaning of the
term "agency" as that term is used in the Freedom of
Information and Privacy Act; further, that the Parker County
Sheriff's Department is also an agent within the meaning of
the term "agent" as that term is used in the Freedom of
Information and Privacy Act.

10).   That all Defendants prepare and maintain systems of
written documents and record keeping including telephone and
audio recording retention and maintenance pertaining to
investigations of defendants who are subject to the
jurisdiction of the United States District Courts.

11).   That beginning May, 2011 and thereafter up to this day,
Plaintiff made requests in writing for copies of documents,
records, audio tapes and taped jail telephone conversations
within the systems of records maintained by the Defendants as
to Criminal Case No. 4:10-CR-99-1, which documents and records
were created and compiled during the years 2010 through and
including 2011.

12).   Specifically, Plaintiff requested to be furnished by

-4-

Defendants as provided by law [5 U.S.C. § 552(a)(6)(A)], with copies of the following specified documents or information: for the years 2010 through and including 2011, all documents, records, reports, written and oral communications including audio tapes and jail telephone tapes naming or concerning David Jack Barouch.

13). Further, the requests are not limited to the above. It includes all documents, reports, pictures, exhibits, memorandums, letters, summaries, handwritten notes, audio tapes, jail tape recordings - and all other information concerning David Jack Barouch which are in their possession, offices under the supervision and administration of the above stated agencies, local police departments operating in cooperation with federal agencies, or branches of Government including but not limited to companion investigations of "Eddie Sutton" and others, which were also relevant to the prosecution and sentencing of David Jack Barouch.

14). The requests were made pursuant to the provision of the Freedom of Information and Privacy Act, Title 5 U.S.C. §§ 552 and 552(a).

15). All Defendants have failed, refused, and neglected to comply with Plaintiff's reasonable requests for records, documents, audio tapes and jail tape recordings, and discovery.

16). Beginning on or about May 5, 2010, through and including this very day, Plaintiff continues to request production of the above material; unfortunately, Plaintiff had elected and

elects to treat the failure of the Defendants to produce, respond, acknowledge and comply with Plaintiff's requests as systematic, intentional denial of his requests.

17).  Plaintiff brings this civil action for the purpose of compelling the Defendants to disclose to the Plaintiff his entire record of investigation for the year 2010 and 2011 as maintained within the system of records maintained by all named Defendants and their subagencies and agents; further, that the demands for requested documents were mailed to the Defendants on May 5, 2010, and thereafter.

18).  The said FOIA requests are in reference to Federal Criminal Case No. 4:10-CR-99-1 before the Honorable John McBryde and also concern any and all other Federal, State, and local investigations as to David Jack Barouch and others including "Eddie Sutton" to which Defendants have knowledge and which concern Barouch.

19).  Specifically, the Department of Justice and Department of Justice - "Executive Office of United States Attorneys" is the official record keeper for all records located in its office and the various United States Attorneys' offices.  As such, Defendant Department of Justice and Defendant "EOUSA" is in direct violation of the Freedom of Information Privacy Act, 5 U.S.C. § 552(a)(2006) for neglect and refusal to release documents held by "EOUSA" relevant to David Jack Barouch and Barouch's case.

20).  In addition, the Department of Justice and the Department of Justice - "United States Marshals Office" and

the Department of Justice - "Criminal Division" and the
Department of Justice - "Bureau of Prisons" maintains separate
record keeping for all records located within their offices
and each has refused, in violation of 5 U.S.C. § 552(a)(2006),
to release documents, records and recordings held by the
Defendants and requested by Plaintiff.

21). That the Plaintiff seeks relief from the Defendant
agencies within the Department of Justice and all other
Defendants in the form of a Court Order requiring prompt
diclosure of all documents, records, audio tapes recordings,
jail and BOP telephone recordings abusely withheld by all
Defendants from Plaintiff in Barouch's closed criminal case.

22). In addition, the Department of Treasury and the
Department of the Treasury - "Bureau of Alcohol, Tobacco,
Firearms and Explosives" also has relevant records in its
possession and control and has access to the relevant records
of subagencies and agencies acting in concert with ATF, but
has refused to release any of the documents, records, audio
and tape recordings (specifically but not limited to
recordings possessed by ATF Agent Riddle) in their possession.

23). That the Parker County Sheriff's Department and the
Parker County Detention Center (Jail) acted as agents for both
the Department of the Treasury - "ATF" and the Department of
Justice - "United States Marshals Service" with respect to the
housing of Plaintiff on federal charges.

24). That the Defendant Parker County Sheriff's Department
and Parker County Detention Center (Jail) are in possession of

-7-

audio and tape recordings and jail telephone recordings
relevant to Barouch's prosecution and has failed to produce
these records for Plaintiff.

25). That Plaintiff seeks relief from the Department of the
Treasury and Department of the Treasury - "Bureau of Alcohol,
Tobacco, Firearms and Explosives" and all other Defendants in
the form of a Court Order requiring prompt disclosure and
release of all documents, records, audio and tape recordings
abusively withheld from Plaintiff by Defendants and/or their
subagencies and all other Defendants in Plaintiff's closed
criminal case.

## COUNT II

COMES NOW Plaintiff, David Jack Barouch, Pro se, in the
above cause and moves the Court to enter an Order granting
Plaintiff's request for production of the following documents
for the years 2010 and 2011, to-wit:

A). All communications by the various United States
Attorney's Offices concerning David Jack Barouch.

B). All in-house agency written reports, documents,
records, hand written notes naming David Jack Barouch as
"person of interest" in Barouch's criminal investigation
and/or prosecution or sentencing collected and/or retained by
the named Federal agencies and/or State and local agencies
working in concert with Federal agencies in this matter.

C). All other relevant documents, records, audio and

tape recordings and jail telephone recordings in the
possession of all Defendants and specifically the "Bureau of
Prisons", the "Bureau of Alcohol, Tobacco, Firearms and
Explosives" and the "Parker County Sheriff's Department" (jail
unit) which concern David Jack Barouch.

WHEREFORE, as to Counts I and II, the Plaintiff prays for
an Order to issue from the Court directing each of the
Defendants to each disclose to the Plaintiff all the above
requested documents, records, audio tapes, tape recordings and
jail phone tape recordings which name or concern David Jack
Barouch or the associated person "Eddie Sutton" between the
years 2010 and 2011.

Further, because the filing of this action could have
been avoided by Defendants' timely production of the documents
sought by Plaintiff, Plaintiff moves the Court to direct
Defendants to pay the cost of this action, and for such other
relief as the Court deems just in the premises.

Respectfully submitted,

David Jack Barouch, Pro se
Reg. No. 41301-177
F.C.I. Seagoville
P.O. Box 9000
Seagoville, Texas  75159-9000

-9-

CERTIFICATE (PROOF) OF SERVICE

I hereby certify that on this 23rd day of November 2011 I deposited the original and suitable copies of "Plaintiff's First Complaint" in the prison institutional legal mail system, first-class postage prepaid, addressed to:

One (1) original and two (2) copies to:

> Clerk, U.S. District Court
> for the District of Columbia
> Barett Prettyman U.S. Courthouse
> 333 Constitution Avenue, NW
> Washington, D.C.  20001-2866

AND

One (1) copy to:

> U.S. Department of Justice
> Main Justice Building
> 950 Pennsylvania Avenue, NW
> Washington, D.C.  20530
>
> U.S. Department of Justice
> U.S. Marshals Service
> Main Justice Building
> 950 Pennsylvania Avenue, NW
> Washington, D.C.  20530
>
> U.S. Department of Justice
> Criminal Division
> Main Justice Building
> 950 Pennsylvania Avenue, NW
> Washington, D.C.  20530
>
> U.S. Department of Justice
> Executive Office
> for U.S. Attorneys
> Main Justice Building
> 950 Pennsylvania Avenue, NW
> Washington, D.C.  20530

> U.S. Department of Treasury
> Main Treasury
> 1500 Pennsylvania Avenue, NW
> Washington, D.C.  20220
>
> U.S. Department of Justice
> Bureau of Prisons
> HOLC Building
> 320 First Street, NW
> Washington, D.C.  20534
>
> U.S. Department of Treasury
> Bureau of Alcohol, Tobacco,
> Firearms, Explosives
> 650 Massachusetts Avenue, NW
> Washington, D.C.  20226
>
> Parker County Sheriff's Dept.
> Parker County Jail
> 129 Hogle Street
> Weatherford, Texas  76086

David Jack Barouch

-10-